**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**NEW ALBANY DIVISION**

| | | |
|---|---|---|
| **UNITED STATES of AMERICA, ex rel. JESSICA KIETZMAN** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **CASE NO: 4:16-cv-0009-SEB-DML** |
| **THE BETHANY CIRCLE OF KING'S DAUGHTERS OF MADISON, INDIANA, INC. d/b/a The King's Daughters' Hospital and Health Services** | ) | |
| **Defendant.** | ) | |

## CASE MANAGEMENT PLAN

## I. Parties and Representatives

A. Andrew Dutkanych, Krista A. Willike and Tom Bruns* on behalf of Relator Jessica Kietzman.

Michael W. Hawkins,* Jennifer O. Mitchell,* Matthew S. Arend* and Rodney L. Scott on behalf of Defendant The Bethany Circle of King's Daughters of Madison, Indiana, Inc.

B. Andrew Dutkanych
Krista A. Willike
Biesecker Dutkanych & Macer, LLC
101 N. Seventh Street
Louisville, KY 40202
Telephone: (502) 561-3443
Fax: (502) 561-3444
Email: ad@bdlegal.com
kwillike@bdlegal.com

Thomas B. Bruns, Esq.* *Pro hac vice* pending
Bruns, Connell, Vollmar & Armstrong, LLC
4750 Ashwood Drive, Suite 200
Cincinnati, Ohio 45241
Phone: 513-312-9890
Email: tbruns@bcvalaw.com

Rodney L. Scott
WATERS, TYLER, HOFMANN & SCOTT, LLC
1947 East Spring Street
New Albany, IN 47150-1658
Phone: (812) 949-1114
Fax: (812) 949-2189
E-mail: rscott@wthslaw.com

Michael W. Hawkins* *pro hac vice pending*
Jennifer O. Mitchell* *pro hac vice pending*
Matthew S. Arend* *pro hac vice pending*
DINSMORE & SHOHL LLP
255 East Fifth Street, Suite 1900
Cincinnati, Ohio 45202
Phone: (513) 977-8200
Fax: (513) 977-8141
Email: jennifer.mitchell@dinsmore.com
michael.hawkins@dinsmore.com
matthew.arend@dinsmore.com

## II. **Jurisdiction and Statement of Claims**

A. Relator has alleged violations of the False Claims Act, 31 U.S.C. § 3729 *et seq.*, which would give rise to subject matter jurisdiction in this Court.

B. Relator alleges that Defendant knowingly presented or caused false or fraudulent claims to be submitted to Medicare for reimbursement and conspired to defraud the Government of the United States of America by getting the aforementioned false or fraudulent claims allowed or paid in violation of 31 U.S.C. § 3729 *et seq.* Plaintiff additionally alleges that Defendant terminated her employment for voicing her concerns regarding an illegal act, and the act of voicing her concerns was a factor in Defendant's decision to terminate her employment in violation of 31 U.S.C. § 3730(h).

C. Defendant disputes all of Relator's claims against it. Relator has not properly plead and cannot provide sufficient legal or factual support for her claims, as follows: (1) Defendant did not knowingly present or cause to be presented false or fraudulent claim for payment or approval nor did it knowingly make, use, or cause to be made or used a false record or statement in violation of 31 U.S.C. §3729(a) or (b) and that Relator's Amended Complaint does not sufficiently allege as such; (2) Defendant has not conspired, nor could it ever conspire with itself, to commit a violation of 31 U.S.C. § 3729 *et seq.*; and (3) Relator cannot establish a claim for FCA retaliation under 31 U.S.C. § 3730(h) or any claim for wrongful termination.

D. Within 14 days after the non-expert discovery deadline, and consistent with the certification provisions of Fed. R. Civ. Proc. 11(b) the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

## III. Pretrial Pleadings and Disclosures

A. The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before **March 22, 2017**.

B. Plaintiff(s) shall file preliminary witness and exhibit lists on or before **April 19, 2017**.

C. Defendant(s) shall file preliminary witness and exhibit lists on or before **May 19, 2017**.

D. All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before **April 21, 2017**.

E. Plaintiff(s) shall serve Defendant(s) (but not file with the Court) a statement of special damages, if any, and make a settlement demand, on or before **February 24, 2017**. Defendant(s) shall serve on the Plaintiff(s) (but not file with the Court) a response thereto within 30 days after receipt of the demand. The parties shall submit (not file) courtesy copies of their respective demand and response at the time of service via email to *judgelynchchambers@insd.uscourts.gov*.

F. Plaintiff(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **December 22, 2017**. Defendant(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **January 22, 2018**; or if Plaintiff has disclosed no experts, Defendant(s) shall make its expert disclosure on or before **January 22, 2018**.

G. If a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than 90 days prior to the dispositive motion deadline. If such expert disclosures are served the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment. The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines. Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the court.

H. Any party who wishes to limit or preclude expert testimony at trial shall file any such objections no later than **July 10, 2018**. Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by Local Rule 56-1.

I. All parties shall file and serve their final witness and exhibit lists on or before **July 10, 2018**. This list should reflect the specific potential witnesses the party may call at trial. It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements. The list of final witnesses shall include a brief synopsis of the expected testimony.

J. Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K. Discovery of electronically stored information ("ESI"). The parties have discussed preservation and disclosure of electronically stored discovery information. The parties do not anticipate requesting substantial electronic discovery at this time.

To the extent that the Federal Rules of Civil Procedure, Rule 26(a)(1) or Rule 34 require the disclosure of documents which are stored electronically, the producing party shall, absent objection and/or assertion of privilege, produce such documents in either hard-copy (paper) form, or on a magnetic storage device in *.pdf format. Metadata will initially not be produced, but the requesting party reserves the right to request that metadata be provided should it/he/she deem it relevant and appropriate. The requesting party may, after receipt of the hard paper copy of electronically stored documents, and for good cause, notify the producing party that it wishes to have the documents produced in a format other than a hard paper copy or to examine the electronic data in the format in which it is stored (the "Subsequent Request"). The requesting and producing parties shall discuss the Subsequent Request and attempt in good faith to resolve any dispute between them before court intervention is sought. In the event that the producing party agrees to produce documents pursuant to the Subsequent Request, the producing party shall be entitled to all reasonable costs it may incur in producing the documents, which costs shall be payable by the requesting party in advance of production. The producing party shall provide the requesting party with sufficient notice of the estimated costs before the costs are incurred by the producing party, and the costs shall be approved by the requesting party before any costs are incurred. In the event the requesting and producing parties cannot agree as to the production of documents pursuant to a Subsequent Request or cannot agree as to any term or condition of such production, either party may, by motion, seek the Court's resolution of such dispute.

Pursuant to Fed. R. Evid. 502(d), any party's production of documents covered by an applicable privilege or protection shall not constitute a waiver of the privilege

or protection with respect to those documents or the subject matter of those documents in this or any other proceeding. Nothing in this paragraph shall require a party to produce documents that are protected from disclosure. This paragraph shall be interpreted to provide the greatest protection allowed by Federal Rule of Evidence 502, or otherwise permitted by law.

In the event that a document protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. The producing party shall promptly identify the returned document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

## IV. Discovery[1] and Dispositive Motions

A. Relator believes there may be grounds for dispositive motions, but the parties will not know whether any dispositive motions are appropriate until certain discovery has been completed. Defendant anticipates dispositive motions in light of its position that the Relator failed to properly plead or provide factual or legal support for the claims brought against Defendant under the False Claims Act and otherwise.

B. Track 2: Dispositive motions are expected and shall be filed by **May 16, 2018**; non-expert witness discovery and discovery relating to liability issues shall be completed by **March 15, 2018**; expert witness discovery and discovery relating to damages shall be completed by **April 16, 2018**.

Absent leave of court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.

---

[1]The term "completed," as used in Section IV.B, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline. Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same. In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

## V. Pre-Trial/Settlement Conferences

The parties recommend a settlement conference in **December 2017**.

## VI. Trial Date

The parties request a trial date in **September 2018**. The trial is by jury and is anticipated to take fourteen (14) days.

## VII. Referral to Magistrate Judge

A. **Case**. At this time, all parties do not consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Federal Rules of Civil Procedure 73 for all further proceedings including trial.

B. **Motions**. The parties may also consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand. If all parties consent, they should file a joint stipulation to that effect. Partial consents are subject to the approval of the presiding district judge.

## VIII. Required Pre-Trial Preparation

A. **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1. File a list of trial witnesses, by name, who are actually expected to be called to testify at trial. This list may not include any witnesses not on a party's final witness list filed pursuant to section III.I.

2. Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

3. Submit all stipulations of facts in writing to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

4. A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

a. brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

b. if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

5. Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

6. Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B. **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1. Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2. If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

3. File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

4. Notify the Court and opposing counsel of requests for separation of witnesses at trial.

**IX. Other Matters**

Not applicable at this time.

AGREED TO BY:

/s/ Rodney L. Scott (w/permission)
Rodney L. Scott
WATERS, TYLER,
HOFMANN & SCOTT, LLC
1947 East Spring Street
New Albany, IN 47150-1658

Michael W. Hawkins* *pro hac vice pending*
Jennifer Orr Mitchell* *pro hac vice pending*
Matthew S. Arend* *pro hac vice pending*
DINSMORE & SHOHL LLP
255 East Fifth Street, Suite 1900
Cincinnati, Ohio 45202

*Counsel for Defendant The Bethany Circle of King's Daughters of Madison, Indiana, Inc.*

/s/_Krista A. Willike ______
Andrew Dutkanych
Krista A. Willike
Biesecker, Dutkanych & Macer, LLC
101 N. Seventh Street
Louisville, KY 40202

Thomas B. Bruns, Esq.* *Pro hac vice pending*
Bruns, Connell, Vollmar & Armstrong, LLC
4750 Ashwood Drive, Suite 200
Cincinnati, Ohio 45241

*Counsel for Relator Jessica Kietzman*

Dated: January 16, 2017.

********************************************************************************

| | |
|---|---|
| | PARTIES APPEARED IN PERSON/BY COUNSEL ON ___________ FOR A PRETRIAL/STATUS CONFERENCE. |
| | APPROVED AS SUBMITTED. |
| | APPROVED AS AMENDED. |
| | APPROVED AS AMENDED PER SEPARATE ORDER. |
| | APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _______________ MONTHS. |
| | APPROVED, BUT THE DEADLINES SET IN SECTION(S) ________________ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _______________ MONTHS. |
| | THIS MATTER IS SET FOR TRIAL BY____________________ ON _______________________________. FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _______________________________________ AT _____.M., ROOM _________________. |
| | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____________________AT _________.M. COUNSEL SHALL APPEAR:<br>______________ IN PERSON IN ROOM ________; OR<br>______________ BY TELEPHONE, WITH COUNSEL FOR INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE COURT JUDGE AT (____) ____________________; OR<br>______________ BY TELEPHONE, WITH COUNSEL CALLING THE JUDGE'S STAFF AT (____) ____________________; |
| | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN ______________________ |

Upon approval, this Plan constitutes an Order of the Court. Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Rule 16(f), to and including dismissal or default.

**Approved and So Ordered.**

__________________________
Date

_____________________________________
U. S. District Court
Southern District of Indiana