**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**NEW ALBANY DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA ex rel. JESSICA KIETZMAN** | : | Case No. 4:16-CV-00009-SEB-DML |
| | : | District Court Judge Sarah Evans Barker |
| **Plaintiffs,** | : | Magistrate Judge Debra McVicker Lynch |
| v. | : | |
| **THE BETHANY CIRCLE OF KING'S DAUGHTERS' OF MADISON, INDIANA, INC. d/b/a The King's Daughters' Hospital and Health Services,** | : | **DEFENDANT'S RESPONSE IN OPPOSITION TO RELATOR'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** |
| **Defendant.** | : | |

## I. INTRODUCTION

Defendant The Bethany Circle of King's Daughters' of Madison Indiana, Inc. d/b/a The King's Daughters' Hospital and Health Services ("KDHS") respectfully responds in opposition to Relator's Motion for Leave to File Second Amended Complaint ("Motion"), as Relator's new proposed Second Amended Complaint[1] still fails to satisfy the heightened pleading standards for alleged violations of the False Claims Act under Federal Rules 12(b)(6) and 9(b). All of the newly-pled factual allegations now contained in Relator's proposed Second Amended Complaint, if accurate, could (and should) have been alleged in each of her previous complaints. Now, when faced with a Motion to Dismiss that shines a floodlight on all of the deficiencies of her Amended Complaint, Relator for the first time adds new allegations to support her claims in an attempt to salvage her lawsuit. The context within which these new details now appear is

[1] This is Relator's second version of her Second Amended Complaint. Her first Second Amended Complaint was filed with this Court, by this Relator's counsel, on February 6, 2017, and was properly stricken by the Court because it was filed without leave of court or consent of KDHS. Now, with the benefit of KDHS's motion to dismiss, Relator submits a new Second Amended Complaint along with her motion for leave, containing additional allegations yet still failing to cure the deficiencies identified by KDHS in its motion to dismiss, as more fully addressed in KDHS's reply in support of its motion to dismiss, which is being filed separately with this Court.

suspect and must be factored into the Court's analysis. For example, Relator, for the first time following two previous attempts to plead her claims, allegedly now recalls new specific details regarding conversations with Lisa Morgan and Carol Dozier, details which just happen to correspond to specific deficiencies pointed out by KDHS in its Motion to Dismiss. See, Proposed Second Amended Complaint, ¶¶ 61, 63. Regardless, Relator's proposed Second Amended Complaint does not cure her pleading defects. She should not be permitted to engage in a fishing expedition as Relator herself indicates will occur if this motion is granted. See, Relator's Response in Opposition to KDHS's Motion to Dismiss (Doc. 53), p. 20, fn. 6 (Relator "suspects" additional fraud, but "does not, at present, have more details on the specifics of that fraud, but believes discovery will uncover it.") Accordingly, Relator's motion for leave to amend should be denied as futile.

## II. LAW AND ARGUMENT

### A. Standard of Review

Under Federal Rule of Civil Procedure 15(a), after a responsive pleading has been filed, such as KDHS's motion to dismiss in this case, amendment of a pleading is permitted only by leave of court or by written consent of the adverse party. While leave is to be freely given when justice so requires, granting or denying a motion for leave is a matter within the sound discretion of this Court. *Foman v. Davis*, 371 U.S. 178, 182, 9 L. Ed. 2d 222, 83 S. Ct. 227 (1962). See also, *Wade v. Hopper*, 993 F.2d 1246, 1248 (7th Cir. 1993). Leave to amend the pleadings may be denied for repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment, among other reasons. *Foman*, 371 U.S. at 182; *Wade*, 993 F.2d at 1249.

Courts may properly refuse to entertain a proposed amendment on futility grounds when the new pleading would not survive a motion to dismiss. *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 685 (7th Cir. 2014) (quoting *Gandhi v. Sitara Capital Mgmt.*, LLC, 721 F.3d 865, 869 (7th Cir. 2013). Further, despite the fact that the deficiencies could be cured through an appropriate pleading, a district court properly exercises its discretion in dismissing the case when the plaintiff continually fails to provide a valid pleading in compliance with the federal rules. See *Emery v. Am. Gen. Fin., Inc.*, 134 F.3d 1321, 1322-23 (7th Cir. 1998). Such is the case here. Relator's Motion should be denied.

**B. Relator's proposed Second Amended Complaint would be futile.**

Although this is now Relator's third attempt at drafting a properly supported complaint alleging violations of the FCA, her efforts continue to fall short of stating any claim under applicable Seventh Circuit law. In particular, Relator's proposed Second Amended Complaint is devoid of any allegations that even remotely support that a false claim was actually submitted.

Under Seventh Circuit law, a Relator must provide some objective context, whether medical, technical, or scientific, which would enable the reader of a complaint to understand why the alleged actions are impermissible. *United States v. Acacia Mental Health Clinic, LLC*, 836 F.3d 770, 780 (7th Cir. 2016) In this case, Relator's FCA allegations are based only on her subjective beliefs and are insufficiently presented without any ascertainable standard or context. Where, as here, a relator's allegations are based only on personal estimation and not supported in any concrete manner, the claims must fail under the heightened pleading standard set forth in Civ. R. 9(b). *United States v. Acacia Mental Health Clinic, LLC*, 836 F.3d 770, 780-781 (7th Cir. 2016). In addition, claims for payment are the cornerstone of any case under the FCA and must

be pled with particularity to satisfy Rule 9(b). Relator's proposed Second Amended Complaint falls far short of these standards.

A complaint alleging violation of the FCA requires more factual allegations than other complaints. Because it is an anti-fraud statute, claims under the FCA are "subject to the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure." *United States ex rel. Hanna v. City of Chicago*, 834 F.3d 775, 778-779 (7th Cir. 2016), citing *U.S. ex rel. Gross v. AIDS Research Alliance-Chicago*, 415 F.3d 601, 604 (7th Cir. 2005). This means that the relator must "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). To meet this standard, the relator must allege "the who, what, when, where, and how" to survive dismissal. *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990); *See also, United States ex rel. Lusby v. Rolls-Royce Corp.*, 570 F.3d 849, 853 (7th Cir. 2009). That includes "the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." *U.S. ex rel. Grenadyor v. Ukrainian Vill. Pharmacy, Inc.*, 772 F.3d 1102, 1106 (7th Cir. 2014) (internal quotation marks omitted), cert. denied, 136 S. Ct. 49, 193 L. Ed. 2d 28 (2015).

Relators must "use some . . . means of injecting precision and some measure of substantiation into their allegations of fraud." *United States v. Acacia Mental Health Clinic*, LLC, 836 F.3d 770, 776 (7th Cir. 2016). Moreover, the heightened possibility of mistake or bias supports the need for a higher standard of specificity for fraud compared to other civil litigation. *Id.* at 781. A relator's "subjective evaluation, standing alone, is not a sufficient basis for a fraud claim." *Id.* "Conclusory allegations" which "shed no light on the nature or content of the individual [statements] or why any particular false statement would have caused the government

to keep the funding spigot open, much less when any payments occurred or how much money was involved" are not enough to meet the heightened particularity standards under Rule 9(b). *U.S. ex rel. Gross v. AIDS Research Alliance-Chicago*, 415 F.3d 601, 605 (7th Cir. 2005). Neither Relator's current Amended Complaint, nor her proposed Second Amended Complaint meets this standard.

Relator's Second Amended Complaint, while apparently intended to correct and circumvent the deficiencies pointed out by KDHS in its motion to dismiss, does not actually contain any more specific detail as to Relator's claims. Instead, Relator continues to offer only vague, generalized allegations based upon a recitation of legal standards couched as factual allegations. Rather than pointing this Court to any specific information or context which would allow KDHS and this Court to ascertain whether a claim that was actually submitted to the government was false, Relator's new allegations continue to allege that some unknown amount of false claims were submitted on some unspecified date over a six year period. For example, Relator's newly added allegation in Paragraph 26 of her proposed Second Amended Complaint states that

> Defendant KDHS knowingly presented, or caused to be presented, to the United States numerous false claims for payment, for each of these improper and unnecessary radiology reads, from January 19, 2010 to the present, as a means of illegally increasing the revenue of KDHS and the revenue of the independent contractor radiologists.

Relator's proposed Second Amended Complaint repeatedly uses the phrase "[s]ince at least January 19, 2010" or some close variation thereof to offer her claimed precision as to the dates of claims at issue. See, *e.g.*, proposed Second Amended Complaint, ¶¶ 26, 50, 52, 73, 75, 76-78, 80-84, 87-88. This date offers none of the required particularity required to identify specific false claims under Seventh Circuit law. Indeed, all it serves to do is to limit Relator's

claims to the maximum six year limit pursuant to the applicable statute of limitations, as Relator first filed her original Complaint six years after January 19, 2010. It is impossible to determine from Relator's allegations when the allegedly false claims were submitted within this six year statutory period. As such, Relator may as well have offered no dates at all, as she did in her previous complaints, as she has acknowledged in her opposition to KDHS's motion to dismiss that her claims are not intended to reach back beyond the six year statute of limitations. No amendment is necessary to conform the allegations in the Amended Complaint to the applicable statute of limitations. Nothing in Relator's new proposed Second Amended Complaint provides the particularity required by law.

Likewise, Relator's proposed Second Amended Complaint does not actually describe any of the claims themselves. Nowhere in the proposed Second Amended Complaint does she identify the content of these claims, nor does she describe what regulations or guidelines were allegedly violated by KDHS. Indeed, while Relator claims repeatedly that various actions by KDHS were somehow improper, illegal, or fraudulent, she does not cite to a single statute or regulation she claims was violated, nor does she offer any relevant guidance from the government or other authoritative source to support the substance of her allegations. Relator simply does not allege the required context that would enable either KDHS or this Court to determine what claims are purportedly false and how they are purportedly false.

Rather, Relator alleges in her proposed Second Amended Complaint that KDHS was required to make "certain" certifications that its actions were in compliance with unspecified "CMS rules, regulations and guidelines" and that the "procedures in question" performed by KDHS were "improper and unnecessary." See, Proposed Second Amended Complaint, ¶¶ 20, 23. Nowhere in Relator's proposed Second Amended Complaint does she allege how any claims

submitted by KDHS were improper. Instead, Relator simply offers her own "subjective evaluation" that unidentified claims were improper and states nothing more than "conclusory allegations" that the government would not have paid for these unidentified claims had it known of KDHS's actions. *See, Acacia Mental Health Clinic*, LLC, 836 F.3d at 776; *Gross*, 415 F.3d at 605. This generalized description is not pled with the particularity required by Rule 9(b).

A review of Seventh Circuit cases in which a party was denied leave to amend is illustrative of the problems posed by Relator's proposed Second Amended Complaint. For example, in *United States v. Acacia Mental Health Clinic*, LLC, 836 F.3d 770 (7th Cir. 2016), the appellate court upheld a denial of leave to file a second amended complaint where the Relator had failed to describe the alleged fraudulent activity in sufficient detail. In *Acacia*, the court examined allegations by a relator that challenged various hospital billing procedures as violative of 42 U.S.C. § 1395y(a)(1)(A), which states that the Medicare program will not provide reimbursement for services which "are not reasonable and necessary for the diagnosis or treatment of illness or injury." In support of her allegations, the relator in *Acacia* identified four individuals who received treatment at Acacia that was, in the relator's view, medically unnecessary. *Acacia Mental Health Clinic*, LLC, 836 F.3d at 779. These allegations were based on the relator's "years of experience and training." *Id.* at 781. However, the Seventh Circuit found that these allegations were "too indefinite" and were based on little more than the relator's personal estimation "unsupported in any concrete manner." *Id.* at 780. The *Acacia* court went on to state that "relators may not be in a position to see the entire picture or may simply have a subjective disagreement with the other party on the most prudent course of action. Further, their perspective may be colored by considerable bias or self-interest, such as in the case of a disgruntled employee." *Id.* In those instances, "the heightened possibility of mistake or bias

supports the need for a higher standard of specificity for fraud compared to other civil litigation" which "forces the plaintiff to conduct a careful pretrial investigation and thus operates as a screen against spurious fraud claims." *Id.*, quoting *Fidelity Nat'l Title Ins. Co. v. Intercounty Nat'l Title Ins. Co.*, 412 F.3d 745, 749 (7th Cir. 2005)

Relator's claims in this case contain even less detail than those of the relator in *Acacia*. Relator here has not offered a single statute or regulation which she claims was violated, nor has she explained in any way why she believes the procedures at issue were unnecessary or why the claims were otherwise improper. Unlike the relator in *Acacia*, Relator does not even offer her own knowledge or experience to support her allegations. Instead, she relies on a vague description of an email (which she does not provide and does not describe with any level of specificity) that purportedly states that other hospitals were allegedly not billing in the same manner as KDHS. See, Proposed Second Amended Complaint, ¶ 28. These allegations, asserted by a disgruntled employee following her termination, are precisely the sort of indefinite and unsupported claims, colored by possible bias, self-interest, or mistake that the court in *Acacia* recently found were not enough to satisfy Rule 9(b).

Elsewhere in the proposed Second Amended Complaint, Relator makes similar allegations with even less support. For example, Relator now adds an allegation that an arrangement involving a urologist group and the billing for fiducial markers constituted an "illegal enticement" which rendered KDHS's submission of claims to the government false. See, Proposed Second Amended Complaint, ¶ 49. Again, Relator fails to identify a single statute or regulation that was violated, instead alleging only that the arrangement was not "in compliance with federal standards." *Id.* Far from asserting well pleaded and factually supported allegations demonstrating that any claims were false, Relator's proposed Second Amended Complaint

alleges at best a "subjective disagreement with the other party on the most prudent course of action" of the type the Seventh Circuit previously found to be lacking in *Acacia*. *Acacia Mental Health Clinic*, LLC, 836 F.3d at 780. Relator's allegations demonstrate that Relator has not conducted the type of "careful pretrial investigation" required by Rule 9(b). *Id.*

Relator's other allegations regarding other alleged improprieties at KDHS fare no better. Relator claims broadly that KDHS violated the "meaningful use mandate." Perhaps Relator fails to appreciate what it is that she is saying. "Meaningful use" refers to various regulations that have been phased in over three stages from 2001 through the present and which establish numerous requirements and objectives that eligible professionals and hospitals must accomplish in order to qualify and  remain eligible for certain CMS incentive programs. Relator's vague allegation that the "meaningful use mandate" was not met does not begin to meet the standard for particularity under Rule 9(b). Relator does not allege what aspect of the "meaningful use mandate" was allegedly violated, does not offer any detail about the claims allegedly submitted in violation of the mandate, does not allege how any claims were purportedly false, and does not allege when such claims were submitted with any more specificity than simply alleging that they occurred sometime within the six-year statutory period commencing "from January 19, 2010 to the present." See, Proposed Second Amended Complaint, ¶ 50.

Similarly, Relator's new allegations in her proposed Second Amended Complaint that KDHS billed for procedures which were allegedly ordered by "physicians . . . who did not have privileges to order the procedure in question" are impermissibly vague and fail under the heightened standards of Rule 9(b). See, Proposed Second Amended Complaint, ¶ 52. Relator does not make any attempt to specify what these "procedures in question" were or how those physicians were not qualified to make the orders they did. She also does not identify when such

claims were allegedly submitted. Relator's new allegations do nothing to place KDHS on notice as to which claims or procedures are the subject of her allegations and do nothing to cure the deficiencies of her Amended Complaint. Again, Relator's "subjective evaluation, standing alone, is not a sufficient basis for a fraud claim." *Acacia Mental Health Clinic*, LLC, 836 F.3d at 781.

The rest of the proposed amendments are form recitations and allegations of knowledge of various individuals or allegations that the government would not have paid such claims had it known of KDHS's activities. These newly-pled allegations do not offer any more detail to shore up Relator's claims, nor do they offer any insight into the basis for Relator's reasoning or why such claims would not have been paid. Instead, Relator offers this Court only bare assertions based on her personal beliefs "unsupported in any concrete manner." *Id.*, at 780. This is not enough to save her claims.

The deficiencies in Relator's Second Amended Complaint are illuminated by a review of the Seventh Circuit's decision in *United States ex rel. Lusby v. Rolls-Royce Corp.*, 570 F.3d 849 (7th Cir. 2009). The relator's allegations in *Lusby* centered on allegations of substandard turbine blades being provided to the military. In that case, the Seventh Circuit examined much more detailed allegations than those presented here. As the court explained, Relator's claims in *Lusby* were supported by detailed allegations as to: (1) specific part numbers; (2) specific shipment dates; (3) details of payment; (4) descriptions of test results allegedly confirming the relator's suspicions; (5) specific allegations as to the certifications that were made by the defendant; and (6) allegations as to the specific regulation that was violated. Based on this specificity, the court held that these particular claims were sufficiently pled in order to satisfy Rule 9(b). However, the court in *Lusby* then went on to find that the relator's other allegations based simply on allegations that "all of the parts were substandard" were not similarly pled with the required

particularity and therefore dismissed those allegations. *Id.*, at 855. In this case, Relator's allegations are more akin to the claims dismissed in *Lusby* rather than those that the court allowed to proceed to discovery.

The fact that Relator is now seeking a third attempt at setting forth plausible allegations supporting any claim that would give rise to liability under the False Claims Act, and continues to offer such vague allegations as to the alleged false claims is telling, particularly as Relator is now facing a motion to dismiss her claims. Relator has not offered to this Court a Second Amended Complaint that even remotely begins to cure the deficiencies in Relator's Amended Complaint. This is the very essence of futility and why this Court should deny her request for leave to amend.

Finally, due to Relator's inability to properly plead any claim for violation of the FCA, her related employment claims fail as well. Where, as here, Relator has failed to sufficiently plead underlying violations of the FCA, the Court cannot conclude that the allegations support a finding that that Relator was acting in furtherance of an FCA enforcement action or other efforts to stop violations of the FCA and a claim for retaliation under the FCA must be dismissed. *Singer v. Progressive Care, SC*, No. 11-cv-02679, 2016 U.S. Dist. LEXIS 106454, at *25 (N.D. Ill. Aug. 11, 2016) (citing *McGinnis*, 2014 U.S. Dist. LEXIS 89167, at *35).

**C. Conclusion**

For all of these reasons, Defendant The Bethany Circle of King's Daughters' of Madison Indiana, Inc. d/b/a The King's Daughters' Hospital and Health Services respectfully requests that this Court deny Relator's Motion for Leave to File Second Amended Complaint for failure to plead her claims with the requisite particularity and plausibility, pursuant to Civ. R. 8 and 9(b).

Respectfully submitted,

s/ Jennifer Orr Mitchell
Michael W. Hawkins (OH 0012707)
Jennifer Orr Mitchell (OH 0069594)
Matthew S. Arend (OH 0079688)
DINSMORE & SHOHL LLP
1900 Chemed Center
255 East Fifth Street
Cincinnati, Ohio 45202
Phone: (513) 977-8200
Fax: (513) 977-8141

Rodney L. Scott, (#14650-49)
WATERS TYLER HOFMAN SCOTT, LLC
1947 E. Spring Street
New Albany, IN 47150-1658
Phone: (812) 206-6044
Fax: (812) 949-2189

***Counsel for Defendant The Bethany Circle of King's Daughters' of Madison Indiana, Inc. d/b/a The King's Daughters' Hospital and Health Services***

**CERTIFICATE OF SERVICE**

I hereby certify on this 22nd day of March 2017 that a true and correct copy of the foregoing document was served on all registered parties through the CM/ECF system:

s/ Jennifer Orr Mitchell
Jennifer Orr Mitchell (0069594)