UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. JESSICA KIETZMAN, Relator, | ) | |
| vs. | ) | Case No. 4:16-cv-00009-SEB-DML |
| BETHANY CIRCLE OF KING'S DAUGHTERS' OF MADISON, INDIANA, INC. d/b/a The King's Daughters' Hospital and Health Services, Defendant. | ) | |

# Order on Motion for Leave to File Second Amended Complaint and Denying Motion to Dismiss as Moot

Relator Jessica Kietzman initiated this *qui tam* case by filing her complaint under seal on January 19, 2016. After the government declined to intervene, Ms. Kietzman filed an amended complaint and served the defendant with a summons and that complaint. The defendant has moved to dismiss the amended complaint under Rule 9(b) and Rule 12(b)(6). Ms. Kietzman filed both a response to the motion to dismiss and a motion seeking leave to file a second amended complaint. The defendant opposes her motion to amend on futility grounds—that the proposed second amended complaint does not cure the deficiencies in the first amended

complaint that the defendant has identified. The defendant is also suspicious of the veracity of new factual details added to the second amended complaint.[1]

Futility is a good reason to deny leave to amend. *E.g., King v. Kramer,* 763 F.3d 635, 643-44 (7th Cir. 2014). That ground is often invoked when the court has once adjudicated the sufficiency of a plaintiff's complaint and a proposed amended complaint does not cure the problems that led to dismissal in the first place. *E.g., Shashoua v. Quern,* 612 F.2d 282, 285 (7th Cir. 1979). Ms. Kietzman's motion for leave to amend does not fit this pattern. The defendant contends that *United States ex rel. Presser v. Acacia Mental Health Clinic, LLC,* 836 F.3d 770 (7th Cir. 2016), supports denial of leave to amend. It does not. There, the district court *allowed* the plaintiff to amend her *qui tam* complaint after the defendant had moved to dismiss it, but it warned her to make all improvements she thought were necessary because no further amendment would be allowed. *Id.*at 775. The plaintiff amended, the defendant moved to dismiss the new complaint, the court found the new complaint was deficient, and it then denied the plaintiff's request to file still another complaint.

Ms. Kietzman's proposed second amended complaint adds a greater level of detail than her prior complaint about the events she asserts support her claims. Although the defendant argues that the added information does not cure the deficiencies it has raised in the pending motion to dismiss, the court has not yet

---

[1] The defendant also asks the court to hear oral argument on Ms. Kietzman's motion to amend. The court does not believe oral argument will materially assist in the court's resolution of the motion. The motion for oral argument is DENIED.

ruled whether the defendant's arguments are correct. Nor is it appropriate for the court to inquire, at this point, about the veracity of the allegations in the proposed second amended complaint. As the defendant well knows, a court must accept a plaintiff's factual allegations as true when it tests the sufficiency of a complaint on Rule 12(b)(6) grounds.

The most efficient means for testing whether Ms. Kietzman can state a claim on which relief can be granted and that satisfies Rule 9(b) is to permit her to file her second amended complaint and allow the defendant to renew its motion to dismiss based on the allegations in the new complaint. This conclusion flows from two general principles stressed by the Seventh Circuit. First, it is generally preferable for a court to grant leave to amend and then separately address a dispositive motion testing the merits of the claim. *Joseph v. Elan Motorsports Technologies Racing Corp.,* 638 F.3d 555, 558-59 (7th Cir. 2011). Second, a district court ordinarily should allow a plaintiff one opportunity to amend her complaint after a dismissal under Rule 12(b)(6). *Gonzales-Koeneke v. West,* 791 F.3d 801, 807-08 (7th Cir. 2015). By permitting Ms. Kietzman pre-emptively to amend her complaint, the court is in essence allowing her that opportunity now instead of later.

## **Conclusion**

For the foregoing reasons, the court GRANTS Ms. Kietzman's motion (Dkt. 50) for leave to file her second amended complaint. The clerk is directed to docket the second amended complaint, at Dkt. 50-1, and it is deemed served on the

defendant on the date of its entry on the docket. The defendant's motion (Dkt. 63) for oral argument is DENIED.

The filing of the second amended complaint moots the motion to dismiss directed to the first amended complaint. Therefore, the motion to dismiss at Dkt. 46 is DENIED AS MOOT. The defendant's motion for oral argument (Dkt. 61) on that motion is also DENIED AS MOOT.

So ORDERED.

Dated: 3/24/17

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record by email through the court's ECF system